```
                   UNITED STATES DISTRICT COURT

                     DISTRICT OF CONNECTICUT


THADDEUS TAYLOR                  :
                                 :           PRISONER
     v.                          :  Case No. 3:05cv196(DJS)
                                 :
M. JODI RELL, ET AL.             :
```

                            RULING AND ORDER

    Plaintiff Thaddeus Taylor, an inmate currently confined in a state prison in Rhode Island, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  The defendants are M. Jodi Rell, Governor of the State of Connecticut, the Public Defender Services Commission, Judges Joseph H. Pellegrino, Jonathan E. Silbert, Richard A. Damiani, Roland D. Fasano, Patrick J. Clifford, Raymond R. Norko, David Gold, Kevin R. McMahon, Dale W. Radcliffe, Frank A. Iannotti of the Connecticut Superior Court, and John Does.

    As a preliminary matter, the court notes that plaintiff seeks to file this action on behalf of Richard Roe, who he describes as a citizen of the United States and a resident of Connecticut who has petitions for a writ of habeas corpus and other criminal matters pending in state court.  Richard Roe has not signed the complaint.  A litigant in federal court has a right to act as his or her own counsel.  See 28 U.S.C. § 1654 ("[I]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel. . . .").  A

non-attorney, however, has no authority to appear as a representative for another person.  See Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (Section 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (quoting Turner v. American Bar Ass'n, 407 F. Supp. 451, 477 (N.D. Tex. 1975), aff'd sub nom. Pilla v. American Bar Ass'n, 542 F.2d 56 (8th Cir. 1976)).  Accordingly, all claims asserted by Richard Roe are dismissed without prejudice.

    Plaintiff Taylor files this action as a class action and alleges that he and other members of the class have petitions for writ of habeas corpus, applications for sentence review, and petitions for new trials pending in state court.  Plaintiff Taylor complains that the state courts have delayed the processing of these petitions and applications.  He also claims that the state courts systematically discriminate against minorities when they fail to process the applications and petitions in a timely manner.  Plaintiff Taylor alleges that the courts are unable to handle the habeas and new trial petitions and the applications for sentence review because the defendants have failed to adequately fund the courts and the Public Defender's Office.  He claims that the defendants have denied him effective assistance of counsel and access to the courts.  The plaintiffs seek injunctive and declaratory relief and monetary

damages.  For the reasons that follow, the complaint is dismissed.

Plaintiff Taylor has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action.  When the court grants in forma pauperis status, § 1915 requires the court to conduct an initial screening of the complaint to ensure that the case goes forward only if it meets certain requirements.  "[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'"  Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990)(per curiam)(quoting Neitzke v. Williams, 490 U.S. 319, 327, . . . (1989).  A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).  The court construes pro se complaints liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, "when an in

forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915(e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" Livingston, 141 F.3d at 437 (quoting Benitez, 907 F.2d at 1295).  The court exercises caution in dismissing a case under § 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous.  See Neitzke v. Williams, 490 U.S. 319, 329 (1989).

Taylor brings his claims pursuant to 42 U.S.C. § 1983.  In order to state a claim for relief under § 1983, he must satisfy a two-part test.  First, he must allege facts demonstrating that the defendant acted under color of state law.  Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

Taylor's claims in this lawsuit are identical to those he has brought in a lawsuit filed in the Connecticut Superior Court. A district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation.  To achieve this result, a court may dismiss an action when a prior pending action has been filed as long as the "controlling issues in the dismissed action will be determined in the other lawsuit."  5A Charles A. Wright & Arthur R. Miller, Federal Practice and

Procedure § 1360, at 442 (2d ed. 1990).  The purpose of this rule is "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments. . . ."  Colortyme Financial Servs., Inc. v. Kivalina Corp., 940 F. Supp. 269, 272 (D. Haw. 1996) (internal quotation marks and citations omitted).  The general rule is that the first suit to be filed should have priority "absent the showing of balance of convenience in favor of the second action."  Adam v. Jacobs, 950 F.2d 89, 93-94 (2d Cir. 1991) (internal quotation marks and citation omitted).  In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions.  See Connecticut Fund for the Environment v. Contract Plating Co., 631 F. Supp. 1291, 1293 (D. Conn. 1986).

Taylor has filed another action against these same defendants in Connecticut Superior Court.  See Taylor, et al. v. Rell, et al., Docket No. HHD-CV-05-4014739-S.  A comparison of the complaint in this action with the complaint in the state court action reveals that the allegations in the complaint filed in this action are identical to the allegations made in Taylor, et al. v. Rell, et al., Docket No. HHD-CV-05-4014739-S.

Although this case was filed before Taylor, et al. v. Rell, et al., Docket No. HHD-CV-05-4014739-S, the prior pending action doctrine permits the dismissal of the first-filed case or claims

where "the balance of convenience" weighs in favor of the second-filed action.[1]  See Adam, 950 F.2d at 93-94.  Here, the second-filed case involves the same claims as the claims in the first-filed case, all of the defendants in this first-filed case are also defendants in the second-filed case, the defendants have already appeared in the second-filed case and the claims raised in the second-filed case involve state law issues.  Thus, the court concludes that it would be appropriate to have all of Taylor's claims resolved in the second-filed action in state court.  Accordingly, this action is dismissed under the prior pending action doctrine.  Taylor may pursue his claims in Taylor, et al. v. Rell, et al., Docket No. HHD-CV-05-4014739-S.

 The complaint is dismissed under the prior pending action doctrine pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that a court may dismiss at any time claims which fail to state a claim upon which relief may be granted.  The Clerk is directed to close this case.  Any appeal from this order would

---

[1] Although this action was filed first, plaintiff initiated the state court action before filing this action as is evidenced by the fact that the plaintiff signed the summons form in the state court action on December 29, 2004, and the assistant clerk signed the same summons form on January 7, 2005.  The state court action was not served on the defendants, however, until February 9, 2005.  See Consolidated Motor Lines, Inc., v. M & M Transportation, Co., 128 Conn. 107, 109 (1941) (holding that under Connecticut law an action commences upon the service of the summons and complaint).  Here, Taylor signed and presumably mailed the complaint to this court on January 28, 2005, and the court received the complaint on February 1, 2005.

not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

    SO ORDERED this 24th day of October, 2005, at Hartford, Connecticut.

```
                                        /s/DJS
                              _____
                                   Dominic J. Squatrito
                                 United States District Judge
```